United States District Court
Middle District of Florida
Ocala Division

**DEAN VAN SCHRANK,**

    *Plaintiff,*

v.    **NO. 5:19-CV-618-OC-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

___

## Order Granting Plaintiff's Unopposed Motion for Attorney's Fees

Earlier in this action, the Court vacated the Commissioner of Social Security's final decision denying Dean Van Schrank's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Doc. 21. He now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $3,108.63 in attorney's fees. Doc. 23. The Commissioner has no opposition. Doc. 23 at 2.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in an action against the United States, (2) he timely requested the fees, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the

judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Van Schrank prevailed because the Court ordered a sentence-four remand. Doc. 21 at 1. Van Schrank's August 7, 2020 request, Doc. 23, was timely because he made it before the July 15, 2020, judgment, Doc. 22, became final. Van Schrank represents that his net worth did not exceed $2 million when he filed this action, Doc. 23 ¶ 7, and the Court accepts that representation. Van Schrank's motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 23 ¶ 6, and the Commissioner has not attempted to satisfy his burden of showing otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Van Schrank is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not to his lawyer. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost of living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*,

3

765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson*, 863 F.2d 759, 779–80 (11th Cir. 1988).

Van Schrank is represented by Richard Culbertson, Esquire, and Sarah P. Jacobs, Esquire. Doc. 23 ¶ 8. Michael Culbertson, a paralegal, assisted them. Doc. 23 ¶ 8. Neither attorney provides an affidavit on experience or customary rate. That they specialize in social-security work and have done so for many years is known in the legal community and reflected in their many appearances in social-security actions here (more than 100 for Richard Culbertson and more than 20 for Jacobs). Records of The Florida Bar show Richard Culbertson has been a member since 1991 and Jacobs has been a member since 2011. *See* "Find a Lawyer" on www.floridabar.org.

Van Schrank submits details of tasks performed for, and time spent on, the action. Doc. 23 at 10–12. Richard Culbertson worked .9 hours in December 2019, .3 hours in March 2020, and .1 hours in July 2020 (totaling 1.2 hours). Doc. 23 at 10. Jacobs worked .8 hours in November 2019 and 7.3 hours between May and August 2020 (totaling 8.1 hours). Doc. 23 at 11. Michael Culbertson worked for 16 hours in May 2020. Doc. 23 at 12. Tasks included reviewing the record and rulings, discussing the action, preparing the brief, and preparing the current motion. Doc. 23 at 10–12. The administrative record is 689 pages. Docs. 15–15-13.

Van Schrank's $3,108.63 request is based on the total attorney time (9.3 hours) multiplied by $205.23, plus the total paralegal time (16 hours) multiplied by $75. The $205.23 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the "annual all urban consumer price index ("CPI") for 2019." Doc. 23 at 7. He does not explain why he chose that data point. Doc. 23 at 10–12. He explains the $75 paralegal rate is for work traditionally done by an attorney (reviewing the administrative transcript and preparing the brief, Doc. 23 at 12) and contends an hourly rate of $75 for paralegal work is reasonable in the Middle District of Florida. Doc. 23 at 8. He relies on Middle District of Florida cases from 2011 and 2012 in which the Court awarded paralegal fees at $75 an hour. Doc. 23 at 8; Docs. 23-2, 23-3.

4

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the undersigned's own knowledge and expertise, the market rate in Ocala for services by lawyers of comparable skills, experience, and reputation to Richard Culbertson and Jacobs exceeds $125 an hour and for work by a paralegal in reviewing the administrative transcript and preparing the brief is at least $75.

On the second step (determining whether to adjust the attorney rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from March 1996 to when Richard Culbertson and Jacobs performed their work. The $205.23 rate is appropriate.

On the reasonableness of the hours, none of the work by Richard Culbertson, Jacobs, or Michael Culbertson appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 23 at 10–12. The hours are reasonable.

Using the reasonable number of hours and the reasonable rate, attorney and paralegal fees of $3,108.63 ((9.3 x $205.23 = $1,908.63) + (16 x $75 = $1,200)) are appropriate.

Van Schrank states, "Plaintiff assigned his right to attorney fees to … Culbertson. The parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. 23 at ¶ 9. He attaches a retainer agreement with the assignment, Doc. 23-1, and asks the Court to "authorize payment of the attorney fees to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government." Doc. 23 at 3.

"[T]he decision to honor an assignment is left to the discretion of the Commissioner … once the Department of Treasury determines that Plaintiff does not owe the Government a debt, 31 U.S.C. § 3727(b)."[1] *Burgos v. Comm'r of Soc. Sec.*, No. 6:17-cv-623-Orl-37MCR, 2018 WL 6465758, at *1 (M.D. Fla. Dec. 10, 2018) (unpublished). The Court leaves to the Commissioner's discretion whether to accept Van Schrank's assignment of EAJA fees after determining if he owes a federal debt.

Because Van Schrank is eligible and his requested attorney's fees and costs are reasonable, the Court grants his motion, Doc. 23, and awards him his requested attorney's fees and costs, leaving to the Commissioner's discretion whether to accept the assignment after determining if Van Schrank owes a federal debt.

The Court:

1. **grants** the motion for EAJA fees, Doc. 23 in part;

2. **awards** Van Schrank **$3,108.63** in attorney's fees and otherwise denies the motion; and

---

[1] 31 U.S.C. § 3727(b), governing the assignment of claims against the United States, provides,

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

3. **directs** the Clerk of Court to enter judgment in favor of Van Schrank and against the Commissioner in the amount of **$3,108.63** in attorney's fees.

**Ordered** in Jacksonville, Florida, on September 1, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Counsel of Record