United States District Court
Middle District of Florida
Ocala Division

DEAN VAN SCHRANK,

      *Plaintiff,*

v.                                        **No. 5:19-cv-618-PDB**

ACTING COMMISSIONER OF SOCIAL SECURITY,

      *Defendant.*

---

# Order

Dean Van Schrank's lawyer Richard Culbertson requests $16,559 in attorney's fees from past-due benefits. Doc. 27.  The Acting Commissioner responds she serves in a role akin to a trustee and the Court should determine reasonable fees. Doc. 30.

## Background

Van Schrank applied for disability insurance benefits. Tr. 181–82. An Administrative Law Judge found him not disabled, Tr. 22, and the Appeals Council denied his request for review, Tr. 1–4.

Van Schrank challenged the agency decision. Doc. 1. He and Culbertson entered into a contingent-fee agreement under which Culbertson agreed to represent him, and Van Schrank agreed to pay Culbertson 25 percent of any past-due benefits to him, minus any attorney's fees paid under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). *See* Doc. 27-1.

Culbertson filed a complaint, Doc. 1, and a 21-page brief arguing why the Acting Commissioner was wrong, Doc. 19. The Acting Commissioner moved, without opposition from Van Schrank, for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand to update the medical record, evaluate all medical source opinions in the record, reassess Van Schrank's residual functional capacity, and conduct a supplemental hearing if necessary. Doc. 20. The Court granted the motion and remanded the action for further agency proceedings. Docs. 21, 22. The Court later granted Van Schrank's EAJA request for $3,108.63 in attorney's fees based on 25.3 hours of work. Doc. 24.

On remand, the agency awarded Van Schrank $78,670.50 in past-due benefits and withheld 25 percent of the amount for attorney's fees. *See* Doc. 27 at 2; Doc. 27-2 at 4–5.[1] The agency issued a notice of award, Doc. 27-2, and the current request followed, Doc. 27. The Acting Commissioner raises no issue of timeliness, and whether under the previous or current orders on procedures for requesting fees, Culbertson presents circumstances warranting equitable tolling.[2]

---

[1] The notice of award states the agency "withheld $19,967.63 (25% of past-due benefits)," Doc. 27-2 at 5, but 25 percent of the past-due benefits is $19,667.63. This is likely a typographical error and does not affect the Court's ruling.

[2] Issued after suggestions by the Eleventh Circuit in *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), and *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008), the previous order required a plaintiff's lawyer to file a motion for approval of attorney's fees under 42 U.S.C. § 406(b) or 42 U.S.C. § 1383(d)(2) "no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." *See* Standing Order at 1, *In re: Procs. for Applying for Atty's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, No. 6:12-mc-124-Orl-22 (Nov. 13, 2012). The order did not specify whether "counsel of record" is counsel of record at the administrative level or counsel of record in the court case. *See generally id.* The current order omits reference to "counsel of record" and adds more time, stating, "Notwithstanding Federal Rule of Civil Procedure 54(d), a plaintiff's lawyer requesting an attorney's fee under 42 U.S.C. § 406(b) or 42 U.S.C. § 1383(d)(2) or both must move for the fee within sixty days of the date on the agency's letter stating the amount of past-due benefits." *See* Standing Order on Management

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant and may do so by deducting the EAJA fees from the § 406(b) fees. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for

---

of Social Security Cases (Doc. 43) at 3 ¶ 8, *In re: Admin. Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Dec. 7, 2021). Further defining which letter starts the period is unnecessary here.

court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fees would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Here, Culbertson arrives at his request for authorization to charge **$16,559** in § 406(b) fees as follows: **$19,667.63** (25 percent of past-due benefits) minus **$3,108.63** (the EAJA fees). Doc. 27 at 2.

To satisfy his burden of establishing the requested fees are reasonable for the services rendered, Culbertson provides the following information. He limits his practice "almost exclusively" to representing persons with disabilities. Doc. 27 at 7. Culbertson, associate Sarah Jacobs, and a paralegal spent at least 25.3 hours representing Van Schrank before this Court. Doc. 27 at 2. That time excludes time not billable under the EAJA and time spent representing Van Schrank during the administrative proceedings. Doc. 27 at 2. Culbertson and Van Schrank anticipated the past-due-benefit amount based on Van Schrank's earnings record and disability onset date, Van Schrank agreed to pay 25 percent of any past-due benefits, and the amount requested does not exceed 25 percent of past-due benefits. Doc. 27 at 1–2, 5, 8. No allegation of subpar representation or delay is present. Doc. 27 at 7. He contends that, as a result of his work (Culbertson presumably means Jacobs's and the paralegal's work, *see* Doc. 23 at 10–12), Van Schrank receives ongoing social-security-disability benefits and Medicare and received a "substantial sum" of retroactive benefits. Doc. 27 at 7–8.

For the reasons provided and the Court's own knowledge of Jacobs's expertise in social-security law, the requested fees are reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. *See Gisbrecht*, 535 U.S. at 808. But considering the substantial risk of no award and that Van Schrank's success may be attributed to Jacobs's skills and experience, it is appropriate for the firm to "reap the benefit of [the] work." *See Jeter*, 622 F.3d at 381 (quoted).

## Conclusion

The Court:

1.   **grants** the request, Doc. 27; and

2.   **authorizes** Culbertson to charge Van Schrank $16,559 from past-due benefits for the successful representation of Van Schrank.

**Ordered** in Jacksonville, Florida, on February 16, 2022.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*